PETER D. KEISLER
Assistant Attorney General
THEODORE HIRT
Assistant Branch Director
JOEL McELVAIN, D.C. Bar No. 448431
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20001
Telephone:    (202) 514-2988
Fax:          (202) 616-8202
Email:        Joel.L.McElvain@usdoj.gov

Attorneys for Alberto R. Gonzales

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| **ALBERTO R. GONZALES, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES,** ) ) ) | |
| **Movant,** ) ) | Case No. _____-MISC |
| v. ) ) ) | **Declaration of Joel McElvain** |
| **GOOGLE INC.,** ) ) | |
| **Respondent.** ) ) ) | |

1. I am a trial attorney in the Federal Programs Branch of the Civil Division of the United States Department of Justice. The statements in this declaration are based on my personal knowledge.

2. Attached as Exhibit A is a true copy of the subpoena issued by the United States Department of Justice to Google Inc. ("Google") seeking materials relevant to the Government's preparation of its defense in *ACLU v. Gonzales*, No. 98-CV-5591 (E.D. Pa.).

3. Attached as Exhibit B is an October 10, 2005, letter sent to me by Google's counsel, Ashok Ramani, Esquire.

4. Attached as Exhibit C is a December 23, 2005, letter that I sent to Mr. Ramani.

Dockets.Justia.com

1      5. Attached as Exhibit D is a Protective Order entered by the district court in the

2  *ACLU v. Gonzales* litigation.

3      In accordance with 28 U.S.C. 1746, I declare and affirm under penalty of perjury

4  that the foregoing is true and correct.

5      Executed at Washington, District of Columbia, this 18th day of January, 2006.

JOEL McELVAIN
*Attorney*

**EXHIBIT A**



**U.S. Department of Justice**
Civil Division, Federal Programs Branch

| **First-Class Mail:** | **Express Delivery:** |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., NW |
| Washington, DC 20530 | Washington, DC 20001 |

---

Joel McElvain                          Tel:   (202) 514-2988
Trial Attorney                         Fax:   (202) 616-8470

August 25, 2005

Via Federal Express

Google, Inc.
c/o CSC - Lawyers Incorporating Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

     Re:     <u>ACLU, et al. v. Gonzales, No. 98-5591 (E.D. Pa.)</u>

     Attention:     Please include this letter with your transmission of the attached subpoena
                      duces tecum to the appropriate company official

Dear Sir/Madam:

     Enclosed please find a subpoena, pursuant to Rule 45 of the Federal Rules of Civil
Procedure, for the production of documents in the above-captioned case. The subpoena seeks the
production of documents identifying all queries conducted on your company's search engine, and
all URL's identified through such queries, within the time period specified herein.

     We look forward to discussing with you possible methods by which your company could
minimize any burden it might face in fulfilling its obligations under this subpoena, including
methods by which a random sample of URL's and queries could be drawn from your company's
database.

     We are also enclosing a copy of the Agreed Protective Order that has been entered in the
above-captioned case. The Order protects the confidentiality of information of a financial,
commercial or otherwise proprietary nature, including trade secrets, research and development,
or other sensitive, non-public information, that is produced and supplied in anticipation of and in
the presentation of the trial of this action scheduled for June 12, 2006. Accordingly, the Order
will provide appropriate protection of any such information that may be contained in documents
responsive to the subpoena duces tecum that was served on your company.

     Please be advised that, while the enclosed subpoena duces tecum seeks only the
production of documents, we may find it necessary at a later date to seek the deposition of an
official of your company with regard to the subject matter of this subpoena.

     We would appreciate it if you could confirm receipt of the subpoena by contacting me at
the telephone number listed above or at <u>joel.l.mcelvain@usdoj.gov.</u> Also, please feel free to

- 2 -

contact me if f you have any questions regarding the subpoena duces tecum or the protective order.  We look forward to hearing from you regarding this matter.

Sincerely yours,

Joel McElvain
Federal Programs Branch
Civil Division

Enclosures

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

American Civil Liberties Union, et al.

**SUBPOENA IN A CIVIL CASE**

V.

Alberto R. Gonzales

Case Number:[1] 98-5591 (E.D. Pa.)

TO: Google, Inc., c/o CSC - Lawyers Incorporating Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 98533

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attachment

| PLACE | DATE AND TIME |
|---|---|
| 20 Massachusetts Avenue, NW, Washington DC 20530 | 30 days from date signed |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Joel McElvain*    Attorney for Defendant | Aug. 25, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joel McElvain, 20 Massachusetts Ave., NW, Washington DC 20530, (202) 514-2988

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                    SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

                                                            _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

SUBPOENA DUCES TECUM:  ATTACHMENT
American Civil Liberties Union v. Gonzales, No. 98-5591 (E.D. Pa.)

page 1 of 4

## SUBPOENA DUCES TECUM

## ATTACHMENT

## INSTRUCTIONS

1.  You are requested to respond to these requests for production of documents within 30

days of the date of service in accordance with Rule 45 of the Federal Rules of Civil Procedure.

Your responses should be sent to the offices of defendant's counsel, addressed as follows:

**(If Hand Delivered or Sent by First Class Mail)**
Raphael O. Gomez
Senior Trial Counsel .
Federal Programs Branch, Civil Division
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044

**(If Sent by Overnight Delivery)**
Raphael O. Gomez
Senior Trial Counsel
Federal Programs Branch, Civil Division
U.S. Department of Justice
Room 6144
20 Massachusetts Avenue, NW
Washington, D.C.  20530-0001

2.  You are required to respond to these requests for production of documents in writing

after making relevant inquiries of all individuals who may have the knowledge required, to

respond fully to each request for production of documents.  You must divulge or produce all

information that is in your possession, custody or control or that is in the possession, custody or

control of your attorneys, investigators, agents, employees, boards, supervisors, overseers,

consultants, contractors, or other representatives of yourself or your attorneys.

SUBPOENA DUCES TECUM: ATTACHMENT
American Civil Liberties Union v. Gonzales, No. 98-5591 (E.D. Pa.)

3. You are requested to produce the information that is sought through these requests for production by providing to us an ASCII file on electronic media, such as a CD-ROM disk or a CD/DVD disk, containing that information.

4. If you are unable to respond to any part of the following requests for production in full, please respond to the extent possible and specify your reasons for not responding completely. If you lack information necessary to respond fully to any request for production, please describe the specific efforts made by you or by anyone on your behalf to ascertain the information and state as definitively as possible when you anticipate obtaining the information sought and supplementing your response. If any requested document cannot be produced in full, produce it to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

5. In the event that any document called for by these requests for production is withheld on the basis of any claim of privilege or any other objection, please identify the document by providing the following information: (1) name, position and title of the author; (2) name, position and title of the addressee; (3) date, subject matter, and number of pages, attachments or appendices; (4) all persons to whom distributed, shown or explained; (5) present custodian; and (6) the nature of the privilege or objection asserted.

6. In the event that any document called for by these requests for production is withheld on the basis of disclosure of any trade secret or other confidential research, development, or commercial information, please identify the document by providing the following information: (1) name, position and title of the author; (2) name, position and title of the addressee; (3) date, subject matter, and number of pages, attachments or appendices; (4) all persons to whom

SUBPOENA DUCES TECUM: ATTACHMENT
American Civil Liberties Union v. Gonzales, No. 98-5591 (E.D. Pa.)

page 3 of 4

distributed, shown or explained; (5) present custodian; and (6) the nature of the trade secret or

other confidential research, development, or commercial information.  The United States District

Court for the Eastern District of Pennsylvania has entered a Protective Order with regard to

confidential information that is produced in response to these requests for production.  A copy of

that Protective Order is attached to these requests for production.

7.  Please organize and label the documents to correspond with the categories of these

requests.

8.  These requests for production of documents are continuing in nature and require

prompt supplementary responses if you obtain additional or different information after serving

the responses required herein.

**DEFINITIONS**

For the purposes of these Requests for Production of Documents, the following

definitions apply:

A.  "And" and "or" shall be construed either disjunctively or conjunctively as necessary

to bring within the scope of the request all responses that might otherwise be construed to be

outside of its scope.

B.  "Document" means the original and any non-identical copy (whether different from

the original because of notes made thereon or attached to such copy, or otherwise) of any writing,

drawing, graph, chart, paper, photograph, film, video recording, audio recording, or other data

compilation or communication of any sort from which information can be obtained, however

produced, reproduced, or maintained (and in whatever medium, including, but not limited to, in

electronic form).

SUBPOENA DUCES TECUM: ATTACHMENT
American Civil Liberties Union v. Gonzales, No. 98-5591 (E.D. Pa.)

page 4 of 4

C. "Person" means any natural person, or any business, legal or governmental association, organization, or entity.

D. "Query" or "queries" means a text string, such as a word, collection of words or other symbols, that is entered into your company's search engine for the purpose of retrieving URL's or lists of URL's, but does not mean any additional information that may be associated with such a text string that would identify the person who entered the text string into the search engine, or the computer from which the text string was entered.

E. "Search engine" means a program offered by, or operated by, your company for the purpose of retrieving URL's, or lists of URL's, in response to queries.

F. "URL" means a "uniform resource locator," or an Internet address identifying a particular site contained in the World Wide Web.

G. "You" and "your" refers to your company.

H. The singular of any word includes the plural and vice versa.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45, defendant, by and through his undersigned counsel, propound the following requests for production of documents upon your company.

### REQUEST FOR PRODUCTION NO. 1:

1. All URL's that are available to be located through a query on your company's search engine as of July 31, 2005.

### REQUEST FOR PRODUCTION NO. 2:

2. All queries that have been entered on your company's search engine between June 1, 2005, and July 31, 2005, inclusive.

**EXHIBIT B**



Google Inc.
1600 Amphitheatre Parkway
Building #47
Mountain View, CA 94043

Main 650 253.0000
Fax 650 253.0001
www.google.com

October 10, 2005

**VIA EMAIL AND REGULAR MAIL**

Joel McElvain
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
P.O. Box 883
Washington, DC 20044

  *Re:*   *Subpoena to Google Inc. in ACLU v. Gonzales, No. 98-CV5591*

Dear Joel:

  I write to provide Google Inc.'s written objections to Defendant's August 25, 2005 subpoena. Thank you for graciously granting Google an extension until today to serve its written response. I am hopeful, in keeping with our obligations under Local Rule 37-1, that we can continue to work productively toward a resolution, as we have done to date.

  The subpoena as written is defective for a number of reasons. During our negotiations, you most recently offered to narrow the subpoena's two requests so that Google would provide: (1) a random sampling of one million URLs from its then-current search database; and (2) a random sampling of one million search queries submitted to www.google.com on a given day. Your statistical consultant, Professor Philip Stark, would need personal knowledge of the sample's randomness, and thus he would need to direct the selection. He proposed that Google provide him with an upper bound of the number of stored URLs on each server, and the total number of search queries run on the relevant day. Professor Stark would return with one million random numbers for the URLs and the search queries, and Google would produce whatever URLs and search queries corresponded with each set of numbers.

  These written objections respond specifically to this narrowed pair of requests, though the same objections would generally apply—albeit with even more force—to the subpoena as originally written.

Joel McElvain
October 10, 2005
Page 2

# I.   INSTRUCTIONS

A.   <u>General objection (applicable to all instructions)</u>:  Google objects to these Instructions to the extent that they purport to impose any requirement beyond those contained in the Federal Rules of Civil Procedure. Specifically, none of those Rules vests with the party propounding discovery the ability to instruct the receiving party as to how that party's response and production should proceed.

B.   <u>Instruction 2 (search required before response)</u>:  Google objects to this Instruction as overbroad, unduly burdensome, vague, and intended to harass, and further to the extent that it renders the production requests to seek information (a) not relevant to a claim or defense of the underlying lawsuit or reasonably calculated to lead to the discovery of admissible evidence; (b) available from a party to the litigation; (c) available from a public source; (d) subject to attorney-client, attorney-work-product, or joint-interest protections; or (e) privileged, confidential, or trade-secret information.  Google cannot be expected to know—or to figure out—"all information" in the possession, custody, or control of all of its attorneys, agents, employees, boards, consultants, contractors, and other representatives.  Google will respond to the production requests based on a reasonably diligent inquiry.

C.   <u>Instructions 5 and 6 (privilege and proprietary-information logs)</u>:  Google objects to these Instructions as beyond the scope of the Federal Rules of Civil Procedure.  Google will comply with those Rules in responding.

D.   <u>Instruction 7 (document organization)</u>:  Google objects to this Instruction as beyond the scope of the Federal Rules of Civil Procedure.  Google will comply with those Rules in responding.

E.   <u>Instruction 8 (continuing obligation)</u>:  Google objects to this Instruction as beyond the scope of the Federal Rules of Civil Procedure.  Document requests to third parties do not impose a continuing production obligation or duty to supplement.

Joel McElvain
October 10, 2005
Page 3

## II.    DEFINITIONS

A.    <u>Definition of query</u>:  Google objects to this Definition as overbroad and vague, to the extent that Google does not know the purpose for which a search request is made.  Google construes the term "query" not to include any identifying information whatsoever.

## III.    REQUESTS

A.    <u>Request 1 (URLs)</u>

Google objects to this Request as overbroad, unduly burdensome, vague, and intended to harass, and further to the extent that it seeks (a) information available from a party to the litigation; (b) information subject to attorney-client, attorney-work-product, or joint-interest protections; or (c) privileged, confidential, or trade-secret information.

Google further objects to this Request because it seeks information not relevant to a claim or defense of the underlying lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Defendant seeks to defend the constitutionality of the Child Online Protection Act ("COPA").  In Google's understanding, Defendant would use the one million URLs requested from Google to create a sample world-wide web against which to test various filtering programs for their effectiveness.  Google objects to Defendant's view of Google's highly proprietary search database—the primary reason for the company's success—as a free resource that Defendant can access and use, some levels removed, to formulate its own defense.  This is not an appropriate use of the federal courts' subpoena power.

Moreover, Google's acceding to the Request would at least imply that Google views its search database as completely reflective of the world-wide web.  As I explained during our last telephone call, Google does not hold itself out in this fashion, and in fact resists that notion.  It is against Google's competitive interest to be viewed as completely reflecting the world-wide web.

Google also objects to this Request because Defendant can obtain the information from public and other sources.  For example, www.archive.org actually holds itself out as reflecting the entire world-wide web.  Defendant states that it has attempted to use www.archive.org, but found the results unsatisfactory.  Google does not know what efforts Defendant took—given www.archive.org's stated purpose, one would expect them—with an appropriate consulting relationship—to create the results that Defendant seeks.  More broadly, Defendant's dissatisfaction with other information sources does not authorize Defendant to seek proprietary information from Google.

Joel McElvain
October 10, 2005
Page 4

Google further objects to this Request as seeking redundant information. Defendant has already received URLs from at least one other major search engine. It is unclear why Defendant believes it needs URLs from Google. Though the search engines doubtlessly have some differences in the URLs they store, what distinguishes Google from its competitors is the sophistication of Google's search engine in locating relevant results and ordering relevant results.

Google would also be unduly burdened if it were to respond. Google would have to spend a disproportionate amount of engineering time and resources to (i) "number" (even in rough terms) in real time the URLs contained in its search database and (ii) extract based on that initial numbering the URLs selected by Professor Stark.

Finally, Google objects because to comply with the Request could endanger its crown-jewel trade secrets. Professor Stark's involvement would require Google to disclose the approximate number of URLs in its database and some details about how it maintains crawled URLs, such as the number of servers, server distribution, and how often Google crawls the world-wide web. This information would be highly valuable to competitors, or miscreants seeking to harm Google's business. Even under the governing protective order, Google, as a third party, does not see how it is justifiable to force it to risk even inadvertent disclosure of such trade secrets.

B.    Request 2 (queries)

Google objects to this Request as overbroad, unduly burdensome, vague, and intended to harass, and further to the extent that it seeks (a) information available from a party to the litigation; (b) information subject to attorney-client, attorney-work-product, or joint-interest protections; or (c) privileged, confidential, or trade-secret information.

Google further objects to this Request because it seeks information not relevant to a claim or defense of the underlying lawsuit or reasonably calculated to lead to the discovery of admissible evidence. In Google's understanding, Defendant would use the one million queries requested from Google to emulate web searches at computing facilities subject to COPA. Google objects to Defendant's view of Google's highly proprietary queries database as a free resource that Defendant can access and use, some levels removed, to formulate its own defense. This is not an appropriate use of the federal courts' subpoena power.

Moreover, Google's acceding to the Request would suggest that it is willing to reveal information about those who use its services. This is not a perception that Google can accept. And one can envision scenarios where queries alone could reveal identifying information about a specific Google user, which is another outcome that Google cannot accept.

Joel McElvain
October 10, 2005
Page 5

Google further objects to this Request as seeking redundant information. Google believes that Defendant has already received queries from at least one other major search engine. It is unclear why Defendant needs additional queries from Google. And Google objects to this Request to the extent that Defendant could emulate expected queries at computing facilities subject to COPA by using public sources or by hiring a third party to create a model.

Google would also be unduly burdened if it were to respond. Google would have to spend a disproportionate amount of engineering time and resources to (i) "number" (even in rough terms) the queries contained in its database and (ii) extract based on that initial numbering the queries selected by Professor Stark.

Finally, Google objects because to comply with the Request could endanger its trade secrets. Dr. Stark's involvement would require Google to disclose the approximate number of queries it receives on a given day, and some details about how it stores those queries, such as the number of servers and server distribution. This information would be highly valuable to competitors, or miscreants seeking to harm Google's business. Even under the governing protective order, Google, as a third party, does not see how it is justifiable to force it to risk even inadvertent disclosure of such trade secrets.

Feel free to contact me at 650-253-0000 or aramani@google.com with any questions.

Very truly yours,

Ashok Ramani
Commercial Litigation Counsel

**EXHIBIT C**



**U.S. Department of Justice**
Civil Division, Federal Programs Branch

| First-Class Mail: | Express Delivery: |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., NW |
| Washington, DC 20530 | Washington, DC 20001 |

---

Joel McElvain                          Tel:   (202) 514-2988
Trial Attorney                         Fax:   (202) 616-8470

December 23, 2005

Via E-Mail and Federal Express

Ashok Ramani, Esquire
Google Inc.
1600 Amphitheatre Parkway
Building #47
Mountain View, CA 94043

      Re:    ACLU, et al. v. Gonzales (E.D. Pa. No. 98-5591)

Dear Mr. Ramani:

      As you are aware, the U.S. Department of Justice served a subpoena on Google Inc. ("Google") on August 25, 2005, in furtherance of its preparation of its defense in the above-referenced litigation. This letter will serve to reflect our efforts to meet and confer with respect to Google's response to this subpoena, as contemplated under Local Rule 37-1 of the Civil Rule of the United States District Court for the Northern District of California.

      In our discussions regarding this subpoena, we have offered to narrow the subpoena to request production of the following materials. First, we have asked you to produce a multi-stage random sample of one million URL's. For example, Google could select at random 100 of its data centers containing URL's, and then select at random 10,000 URL's from each of those data centers. Second, we have asked you to produce copies of the text of each search string entered onto Google's search engine over a one-week period (absent any information identifying the person who entered such query).

      You asked for, and we granted, two extensions of time, until October 10, 2005, in which to serve Google's objections to the subpoena. In our several discussions prior to your service of those objections, we had offered to limit the scope of the requests for production, and you had indicated Google's willingness to consider compliance with the subpoena along the narrowed terms that we had suggested. Your written objections also reiterated your hope to reach a resolution regarding Google's compliance with the subpoena. However, shortly after the service of your objections, you telephoned me to inform me that Google would decline to comply with the subpoena.

      We responded to you to indicate our hope that further discussions regarding the technical aspects of the production contemplated under the subpoena would be fruitful. We arranged for a

- 2 -

further telephone conversation on October 28, 2005, with Professor Philip Stark to discuss the technical aspects of our requests in the subpoena. You emailed me on November 4, 2005, to inform me that Google was re-evaluating its position, and was considering whether to comply with the subpoena.

I contacted you on several occasions following that date to inquire whether Google had determined whether it would comply with the subpoena. On those occasions, you informed me that Google was still considering its position, and you asked for additional time for Google to conclude its internal deliberations. I agreed to those requests. On December 12, 2005, and again on December 21, 2005, you and I spoke with Professor Stark and with your supervisor, Nicole Wong, to discuss further the technical aspects of the subpoena requests. On December 21, 2005, you informed me that Google had chosen to adhere to its position that it would not comply with the subpoena.

I remain hopeful that Google may yet choose to comply with this subpoena. In the absence of such a change of position, however, I believe that the government has fulfilled its obligation under Local Rule 37-1 to attempt to resolve this dispute prior to the filing of a motion to compel.

Sincerely yours,

Joel McElvain
Federal Programs Branch
Civil Division

**EXHIBIT D**



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., ) | |
| ) | |
| Plaintiffs. ) | |
| ) | |
| v. ) | Civil Action No. 98-CV-5591 |
| ) | |
| ALBERTO R. GONZALES, in his official ) | |
| capacity as Attorney General of ) | |
| the United States, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ENTERED
JUL  7 2005
CLERK OF COURT

## AGREED PROTECTIVE ORDER

Upon the consent of the parties, as evidenced by their signatures below, and for good cause shown, it is hereby ordered that:

1.   This Order applies to all "Confidential Information", as defined by paragraph 2 of this Order, that is produced or supplied in anticipation of and in the presentation of the trial of this action scheduled for June 12, 2006.

2.   The term "Documents" as used in this Order shall mean all written, recorded (including electronically recorded) or graphic matter whatsoever. Such materials shall include, but not be limited to, documents produced by any party or non-party in this action, whether pursuant to subpoena or agreement; deposition transcripts and exhibits, physical objects and things; responses to requests for production of documents; and any papers, including court papers, which quote from, summarize or refer to any of the foregoing.

3.   A producing entity, which can be a party, may designate as "Confidential" any document

or any portion thereof, any testimony given during any deposition taken in this action, or any other discovery material that contains or reflects trade secrets, research and development, or information of a financial, commercial or otherwise proprietary nature, or other sensitive, non-public information, which the producing entity reasonably believes would be harmful to the business of that entity if publicly disclosed. "Confidential Information," as used herein, shall refer to any document or group of documents designated by the producing entity as "Confidential," other discovery materials so designated (including deposition transcripts as specified below) and all copies and extracts thereof, and shall also refer to the information contained therein. An entire document shall not be designated as "Confidential" if only a reasonably segregable portion thereof contains information that the producing entity reasonably believes should be kept confidential.

4.    Confidential Information shall not be disclosed or distributed in any form (such as the digesting or reformulation of such information) to any person or entity other than the following:

    a.    the attorneys for the parties in this action and their paralegals, clerical and other assistants who have a need therefor in connection with this action;

    b.    individual members or employees of the parties, provided that each such person sign a declaration under penalty of perjury in the form annexed hereto as Exhibit A, attesting to the fact that they have read this Order and agree to be bound by its terms (hereinafter "designated representative");

    c.    persons retained by a party or outside counsel to serve as expert witnesses or

otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided such persons have signed a declaration under penalty of perjury in the form annexed hereto as Exhibit A, attesting to the fact that they have read this Order and agree to be bound by its terms;

d.    attorneys and other personnel employed by the Department of Justice who have a need therefor in connection with this action, provided that non-attorney Department of Justice personnel sign a declaration under penalty of perjury in the form annexed hereto as Exhibit A, attesting to the fact that they have read this Order and agree to be bound by its terms;

e.    stenographers engaged to transcribe depositions conducted in this action; and

f.    any deponent in this case during his/her deposition where the Confidential Information was produced by the deponent or the entity the deponent represents.

g.    a court of competent jurisdiction and its support personnel.

5.    During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for Confidential Information, or that an answer has disclosed Confidential Information. Thereupon, any counsel may request all persons, except persons entitled to receive Confidential Information pursuant to this Order, to leave the room where the deposition is proceeding until completion of the answer or answers containing Confidential Information. Such Confidential Information may be so designated either:

a.    during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information;" or

b.    by written notice to the reporter and to all counsel of record, given within ten (10)

calendar days after the date of the reporter's written notice to the deponent or its

counsel that the transcript is available for review, in which case the reporter and

all counsel receiving notice of the designation shall be responsible for marking the

copies of the transcript in their possession or under their control as directed by the

designating party, provided that any disclosure prior to the designation of material

as confidential will not be deemed to be a violation of this Order.

6.    Persons described in paragraph 4 above shall be restricted to using Confidential

Information only for purposes directly related to this action or any appeals therefrom and

not for any other litigation or proceeding or for any business, commercial, competitive,

personal or other purpose.  Photocopies of documents containing such information shall

be made only to the extent necessary to facilitate the permitted use hereunder.

7.    Prior to any disclosure of Confidential Information to any designated representative of a

party or non-attorney Department of Justice personnel, pursuant to subparagraphs 4(b)

and 4(d) above, or any person retained as an independent expert and/or consultant

pursuant to subparagraph 4(c) above, counsel representing such a party or retaining such

an expert and/or consultant shall cause such person(s) to read this Order and sign a

Declaration in the form annexed hereto as Exhibit A.  Counsel shall retain Declaration(s)

signed in accordance with this paragraph.  If any Plaintiff provides confidential

information to Defendant in this case, counsel for the Defendant will provide counsel for

Plaintiff a copy of the Declaration(s) executed by its expert and/or consultant.  Counsel

for the producing entity may cause any deponent referenced in subparagraph 4(f) to read

this Order and sign a Declaration in the form annexed hereto; provided, however, that no party shall be precluded from using Confidential Information in the deposition because of the refusal of a deponent to sign the acknowledgment form.

8. All Confidential Information that is filed with or submitted to the Court, and any pleadings, motions or other papers filed with or submitted to the Court disclosing Confidential Information, shall be filed or submitted under seal and kept under seal until further order of the Court. The parties will agree, where possible, to designate only the confidential portions of filings with the Court to be filed under seal, and will also file with the Court a redacted, unsealed copy of such filings that contains all contents of the filings under seal but the Confidential Information subject to this Order. To facilitate compliance with this Order by the Clerk's office, material filed under the designation "Confidential" shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise inventory of its contents for docketing purposes that does not disclose the Confidential Information and shall state thereon that it is filed under the terms of this Order.

9. This Order shall not preclude any party from seeking a ruling from the Court regarding the validity of any claim of confidentiality asserted by a producing entity. In the event that any party to whom Confidential Information is disclosed or produced objects to the designation by the producing entity of any document or discovery materials as "Confidential," that party's counsel shall advise counsel for the producing entity in writing of the objection and identify the document or material with sufficient specificity

to permit the other to identify it. Within fifteen days of receiving this written objection, the producing entity shall advise whether the "Confidential" designation will be removed. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion or otherwise. During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information subject to the provisions of this Order.

10.  If a party intends to offer into evidence, or for purposes of impeachment, any Confidential Information during trial or in connection with any hearing or other proceeding (other than a deposition, see para. 5, *supra*), counsel for the producing entity asserting confidentiality must be so informed in writing not less than five business days in advance of the party offering such Confidential Information, or within such other time period that is reasonable under the circumstances. As long as such notification is provided, any Confidential Information may be offered in open court unless the producing entity that designated the material as confidential obtains a protective order or a ruling from the Court providing otherwise.

11.  Within sixty days of the resolution of this action by settlement or final judgment, and the termination of any final appeal therefrom, all documents and discovery materials designated "Confidential" and any copies thereof shall be promptly returned to the producing entity or, with and upon the prior consent of said entity, destroyed, provided that the party to whom Confidential Information is disclosed or produced certifies in writing that all designated documents and materials have been destroyed, and further provided that defendant's counsel will retain one complete set of any such materials that

were presented in any form to the Court, which shall be placed in an envelope or

envelopes marked "Confidential Information Subject to Protective Order," and to which

shall be attached a copy of this Order. If defendant, defendant's counsel or his

employing agency are requested to disclose publicly any Confidential Information

pursuant to the Freedom of Information Act, a legal action, or otherwise, before doing so

they will attempt to notify counsel for the producing entity in sufficient time to allow that

entity a reasonable opportunity to object to, or to take legal action to prevent such

disclosure. The termination of this litigation shall not relieve any person or party

provided Confidential Information of his, her or its obligations under this Order.

12.    Nothing in this Agreed Order shall prevent any party from using or disclosing its own

documents.

13.    The provisions of this Order restricting the use and disclosure of Confidential

Information shall not apply to documents or other information which were, are, or

become public knowledge not in violation of this Agreed Protective Order.

14.    Notwithstanding anything to the contrary that may be set forth herein, the Court shall

retain the authority to modify this Order upon good cause shown.

Dated:        June 5, 2005

SO STIPULATED AND AGREED:

For Plaintiffs:


_____
ANN BEESON
CHRISTOPHER A. HANSEN
ADEN FINE

American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
(212) 549-2500


For the Defendant:


_Joel McElvain_
_____
KAREN STEWART
RAPHAEL O. GOMEZ
Senior Trial Counsels
JAMES D. TODD, JR.
JOEL McELVAIN
TAMARA ULRICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C. 20044
(202) 514-3378


_____


SO ORDERED:

_Lowell A. Reed Jr._
_____
HON. LOWELL A. REED, JR.

7-6-05

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN CIVIL LIBERTIES UNION,  )
  et al.,                                               )
                                      )
      Plaintiffs.                            )
                                        )
         v.                                      )     Civil Action No.  98-CV-5591
                                        )
ALBERTO R. GONZALES, in his official  )
capacity as Attorney General of           )
the United States,                             )
                                        )
      Defendant.                             )
                                        )

## DECLARATION

The undersigned hereby declares under penalty of perjury that he (she) has read the

Agreed Protective Order (the "Order") entered in the United States District Court for the Eastern

District of Pennsylvania in the above-captioned action, understands its terms and agrees to be

bound by each of those terms.  Specifically, and without limitation, the undersigned agrees not to

use or disclose any confidential information made available to him (her) other than in strict

compliance with the Order.

DATED:_____          BY:
                                                        (type or print name)

CERTIFICATE OF SERVICE

I hereby certify that I have made service of the foregoing Declaration of Joel McElvain by depositing in Federal Express at Washington, D.C., on January 18, 2006, true, exact copies thereof, enclosed in an envelope with postage thereon prepaid, addressed to:

> Ashok Ramani, Esquire
> Google Inc.
> 1600 Amphitheatre Parkway
> Building # 47
> Mountain View, California 94043
> (Counsel for Respondent Google Inc.)
>
> Aden J. Fine, Esquire
> American Civil Liberties Union Foundation
> 125 Broad Street
> New York, New York 10004
> (Counsel for Plaintiffs, *ACLU v. Gonzalez*, E.D. Pa. No. 98-cv-5591)

JOEL McELVAIN
*Attorney*