ALBERT GIDARI, JR., *pro hac vice*
(AGidari@perkinscoie.com)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

LISA A. DELEHUNT, Bar No. 228551
(LDelehunt@perkinscoie.com)
PERKINS COIE LLP
180 Townsend Street, 3rd Floor
San Francisco, California 94107-1909
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Respondent
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERTO R. GONZALEZ, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES,<br><br>           Movant,<br><br>    v.<br><br>GOOGLE INC.,<br><br>           Respondent. | CASE NO. 5:06-mc-80006-JW<br><br>DECLARATION OF ASHOK RAMANI |

ASHOK RAMANI states as follows:

1.    I am a partner with Keker & Van Nest LLP. From August 8, 2005 to January 20, 2006, I temporarily served as Commercial Litigation Counsel to Google. In that capacity, I was responsible for responding to the subpoena from Alberto R. Gonzales (the "Government") that is the subject of this action.

2.    On or about August 25, 2005, Google received a copy of a subpoena from the Government requesting documents for litigation over the constitutionality of the Child Online

DECLARATION OF ASHOK RAMANI
CASE NO. 5:06-MC-80006-JW

Protection Act ("COPA"), captioned as *American Civil Liberties Union, et al. v. Alberto R. Gonzales*, Case No. 98-5591 and pending in the United States District Court for the Eastern District of Pennsylvania.

3.   In or about September 2005, I communicated with Joel McElvain, attorney for the Government, about the subpoena. The Government offered a general explanation that its purported expert, Professor Philip B. Stark, Ph.D., wanted the information to help formulate his opinions in the underlying litigation in Pennsylvania. I explained that Google was concerned about disclosing the private search queries of its users and disclosing confidential information about Google's business. Additionally, I noted that the subpoena was extremely broad and potentially very burdensome to Google.

4.   The Government tried but still did not make clear what it intended to do with Google's information, but did agree to limit the number of URLs sought from Google and the time period for the requested search queries. Additionally, Mr. McElvain courteously agreed to grant an extension for Google to respond to the subpoena until October 10, 2005.

5.   On October 10, 2005, I sent Mr. McElvain a letter outlining Google's objections to the subpoena, including that the information subpoenaed did not appear to be relevant to the Government's request, the subpoena intruded upon Google's users' privacy and Google's trade secrets, and subpoena compliance would be unduly burdensome.

6.   Mr. McElvain and I spoke several times in October, November, and December of 2005, and attempted to resolve Google's objections to the subpoena. Professor Stark joined some of these conversations. Despite Google's repeated persistence, the Government did not or could not explain in appropriate detail how Professor Stark intended to use Google's sensitive and confidential data.

7.   I am informed and believe that almost six years ago, Professor Stark obtained a small sample of URLs and queries from a particular Google engineer for what Professor Stark described as a research project. I am also informed and believe that it is and has been Google's policy for years not to share any such information with third parties.

- 2 -
DECLARATION OF ASHOK RAMANI
CASE NO. 5:06-MC-80006-JW

8. The ACLU has informed Google that the ACLU has issued a subpoena to AOL to learn about the data AOL produced in response to the Government's subpoena, including how AOL filters information on the Web. The ACLU has stated it will likely issue a similar subpoena to Google if the Court compels Google to respond to the Government's subpoena.

9. Attached hereto as Exhibit A is a true and correct copy of Professor Stark's curriculum vitae, which can be found at http://stat-www.berkeley.edu/~stark/bio.

10. Attached hereto as Exhibit B is a true and correct copy of a Newsweek article dated January 30, 2006.

11. Attached hereto as Exhibit C is a true and correct copy of Google's privacy policy, which can be found at http://www.google.com/privacypolicy.html.

I DECLARE UNDER PENALTY OF PERJURY that the foregoing is true and correct.

DATED at  SAN FRANCISCO, CALIFORNIA , this 16th day of February, 2006.

_____
ASHOK RAMANI

- 3 -

DECLARATION OF ASHOK RAMANI
CASE NO. 5:06-MC-80006-JW